By the Court.
 

 Mandamus, as defined by Section 12283, General Code, “is a writ issued, in tbe name of tbe state, to an inferior tribunal, a corporation, board or person, commanding the performance of an act which tbe law specially enjoins as a duty resulting from an office, trust, or station.” It is an extraordinary writ, and to be entitled to it tbe relator must show a clear legal right thereto.
 

 Section 6291-1, General Code, begins:
 

 “Tbe registrar [of motor vehicles] shall designate tbe county auditor and one or more persons in each county to act as deputy registrars, who shall accept applications for tbe annual license tax [on motor vehicles], and assign distinctive numbers in the same manner as tbe registrar.”
 

 Section 6294, General Code, reads in part:
 

 “Each deputy registrar shall be allowed a fee not to exceed twenty-five cents for each application received by him, which shall be in addition to the license fee
 
 and shall be for tbe purpose of compensating tbe deputy registrar for bis services and tbe services of such assistants, clerks, stenographers and other employees, office and rental expense, as may be necessary for the proper discharge of bis duties under this act required in tbe receiving of applications and tbe issuing of licenses. * * *
 

 “Each deputy registrar shall upon receipt of any application for registration, together with tbe
 
 license
 
 
 *142
 

 fee,
 
 transmit such
 
 fee
 
 in the manner hereinafter provided together with the original and duplicate copy of the application to the registrar of motor vehicles.” (Italics ours.)
 

 Relator seems to advance two general propositions, first that the words “shall be allowed a fee not to exceed twenty-five cents,” as used in Section 6294, General Code, are so indefinite that they cannot be construed as a requirement to pay any sum in addition to the license fee, and second, if the section implies a requirement to pay, it is in violation of Section 26, Article II of the Constitution of Ohio, providing that laws of a general nature shall have a uniform operation throughout the state, because it permits the various deputy registrars to collect different amounts.
 

 Cur interpretation of the section of the statutes last quoted corresponds with the general understanding and acceptance thereof, which is that a deputy registrar may collect from the applicant for a motor vehicle license, as a condition to issuing the certificate, etc., a fee not exceeding twenty-five cents, in addition to the regular license fee, which smaller fee he may retain and use as remuneration for services performed and expenses incurred in doing those things necessary to discharge properly the duties required of him. Upon failure or refusal of an applicant to pay the authorized fee demanded, no duty specially enjoined by laws rests upon the deputy registrar to issue the certificate, etc.
 

 Deputy registrars receive no compensation other than the small fee designated, and their presence throughout the several counties of the state is a distinct convenience to the owners of motor vehicles, who must pay an annual license fee to the state in order to operate their conveyances legally. It can hardly be argued seriously that a fee of twenty-five cents is exorbitant or unreasonable.
 

 Neither can any doubt exist that the legislative branch of the government, in its discretion, may pro
 
 *143
 
 vide that the compensation of one who performs services for the public in an official capacity shall be derived directly from fees and costs collected.
 

 It is also difficult to follow the argument that Section 6294, General Code, contravenes Section 26, Article II of the Constitution. All deputy registrars throughout the state are included, and the amount collectible for services rendered is fixed at a definite figure. That some deputies may choose to collect less than the sum specified should not be a controlling consideration.
 

 We are convinced that it was within the power of the General Assembly to enact the legislation in question, and that it possesses no features of invalidity— constitutional or otherwise. The wisdom or policy of such an enactment is not for us to say.
 

 Finding no error in the judgment of the Court of Appeals, such judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, J j., concur.